64D02-2412-CT-012379

Porter Superior Court 2

Filed: 12/2/2024 12:50 PM
Clerk
Porter County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE PORTER SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF PORTER | ) | SITTING IN VALPARAISO, INDIANA |

MICHAEL SMITH,  )
                )
    Plaintiff,   )
                )
v.              )   CAUSE NO:
                )
ZUBAIRU MAGANDA, and )
SBS EXPEDITED SERVICES, LTD.,  )
                )
    Defendants.  )

### COMPLAINT FOR PERSONAL INJURY AND JURY DEMAND

MICHAEL SMITH (hereinafter "MICHAEL"), by CUSTY LAW FIRM, LLC, for his Complaint against Defendants ZUBAIRU MAGANDA (hereinafter "MAGANDA") and SBS EXPEDITED SERVICES, LTD. (hereinafter "SBS EXPEDITED SERVICES"), allege and state:

### The Parties

1. At all times relevant herein, Michael was a citizen of Ohio.

2. At all times relevant herein, Defendant Maganda was a citizen of Hamilton, Ontario.

3. At all times relevant herein, Defendant SBS Expedited Services was a foreign for-profit company with its principal place of business at 15479 Steeles Avenue, Halton Hills, ON L0P 1E0. SBS Expedited Services can be served through its process agent in the State of Indiana – Michael D. Macke, 4008 W. 79th Street, Indianapolis, IN 46268.

4. At all relevant times, Defendant SBS Expedited Services was and is engaged in business including as an interstate motor carrier transporting equipment and goods and doing business in Porter County, Indiana.

### Background Facts

1

5. At approximately 10:20 a.m. on December 23, 2022, Michael was driving a 2016 Freightliner Cascade semi with trailer eastbound on Interstate 94 and was slowing due to weather conditions near mile marker 24 in Porter County, Indiana.

6. At about the same time, Maganda was driving a 2022 Freightliner Cascadia semi with trailer traveling eastbound on Interstate 94 approaching mile marker 24. Maganda drove into the back of Michael's semi-trailer. The crash was sudden and violent.

7. At the time of the wreck, Defendant Maganda had a duty to drive in conformance with applicable Federal Motor Carrier Safety Regulations as incorporated by Indiana law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Indiana law, including, but not limited to the mandates of 49 CFR Sections 390-395.

8. There was nothing that Michael could have done to avoid or minimize the collision or the damages resulting therefrom.

9. The 2022 Freightliner Cascadia semi and trailer were owned by Defendant SBS Expedited Services and weighed over 33,000 pounds.

10. Defendant SBS Expedited Services operated under USDOT #02918679 at the time of the crash.

11. That in relevant parts, the Federal Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term employer. 49 C.F.R. § 390.5.

12. That in relevant parts, the Federal Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical

2

power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 CFR § 390.5.

13. That in relevant parts, the Federal Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. § 390.5.

14. That in relevant parts, the Federal Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. § 390.5.

15. That at all times relevant, the truck driven by Defendant Maganda was a motor vehicle as defined by the Federal Motor Carrier Safety Regulations.

16. That at all relevant times, Defendant Maganda, was a driver of said motor vehicle and therefore an employee as defined by the Federal Motor Carrier Safety Regulations.

17. That at all times relevant, Defendant SBS Expedited Services owned the commercial motor vehicle in connection with Defendant Maganda's employment and was therefore a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

18. At all times relevant, Defendant SBS Expedited Services was a motor carrier and therefore an employer as defined by the Federal Motor Carrier Safety Regulations.

19. That in its relevant parts, the Federal Motor Carrier Regulations mandate that motor carriers, which includes employers, require observance by their drivers of the duties or prohibitions otherwise prescribed for drivers in the Federal Motor Carrier Safety Regulations. 49 C.F.R. § 390.11.

20. At the time of the collision, Defendant Maganda was operating the commercial truck in the course and scope of his employment and/or agency with SBS Expedited Services and in furtherance of the business of SBS Expedited Services and subject to its control.

21. In the 24 months preceding November 25, 2022 (28 days before the wreck), SBS Expedited Services had 19 unsafe driving violations after 17 inspections had been completed, 14 hours of service compliance violations after 91 inspections, and 29 vehicle maintenance violations after 46 inspections. This information is publicly available.

## Causes of Action

### COUNT I: Negligence and Negligence *Per Se*
### Against Defendant Zubairu Maganda

22. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

23. Defendant Maganda had a duty to operate his commercial vehicle in a safe and prudent manner so as not to endanger the lives and welfare of Michael and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front of him, and operating his commercial vehicle at a reasonably and prudent speed in accordance with the condition of the roadway and all traffic laws and regulations.

24. Defendant Maganda also had a duty to operate his commercial truck in accordance with the applicable standards required of commercial vehicle drivers and in accordance with the mandates of 49 CFR Sections 390-395; and industry and corporate standards and guidelines that emanate from these safety regulations.

25. Defendant Maganda breached those duties and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

    a. Failing to keep a lookout for vehicles and traffic ahead;

    b. Failing to perform a proper visual search;

4

c. Failing to properly manage his space;

d. Failing to drive at a safe and reasonable speed;

e. Failing to drive defensively;

f. Failing to avoid colliding with another vehicle;

g. Operating a motor vehicle while distracted;

h. Operating a motor vehicle while fatigued;

i. Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Michael in particular, in grave danger;

j. Failing to adhere to safe driving principles expected of professional drivers;

k. Failing to operate the truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

l. Failing to operate the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

m. Violating the Indiana rules of the road including Indiana Code § 9-21-5-1 (failing to drive vehicle at a reasonable speed under the conditions); Indiana Code § 9-21-5-4 (failing to reduce speed due to traffic and highway conditions); Indiana Code § 9-21-5-1 (failing to reduce speed to avoid a wreck); Indiana Code § 9-21-8-31 (failure to yield); Indiana Code § 9-21-8-24 (failure to make safe lane movement); Indiana Code § 9-21-8-24 (unsafe operation of vehicle); Indiana Code § 9-21-8-26 (unsafe stopping or slowing).

n. Otherwise failing to act reasonably and prudently as a professional driver should under the circumstances; and

o. Such other specifications of negligence that shall be added by amendment or proven at trial.

26. As a result of the foregoing breaches of duties, Michael was physically injured, suffered emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment;

5

lost time or wages and impairment of earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

27. Defendant Maganda is liable to Michael for all damages allowed by law for the injuries, harms and losses sustained by Plaintiff as a result of his negligence.

28. The Indiana Officer's Standard Crash Report for the wreck provides that Maganda's unsafe speed was a cause of the wreck.

29. Maganda's violations of §§ 9-21-5-1, 9-21-5-4, 9-21-8-31, and 9-21-8-24 are each predicate acts of "aggressive driving" pursuant to Indiana Code § 9-21-8-55 and exhibit a conscious and reckless disregard for the safety and well-being of others and the natural and probable consequences of ones choices. By engaging in the aforementioned acts, Maganda engaged in "aggressive driving" as defined by Indiana law.

WHEREFORE, Plaintiff MICHAEL SMITH demands judgment against Defendant ZUBAIRU MAGANDA for compensatory damages, punitive damages, costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: *Respondeat Superior*
### Against Defendant SBS Expedited Services LLC

30. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

31. At all times material, Defendant Maganda was acting within the course and scope of his employment or agency with Defendant SBS Expedited Services and was furthering the business interests of Defendant SBS Expedited Services.

32. Defendant SBS Expedited Services is liable under the doctrine of *respondeat superior* and the rules of agency for the tortious acts and omissions of their agents, employees, members, representatives, servants or contractors pursuant to applicable law. These acts and omissions include,

but are not limited to, the acts and omissions committed by Defendant Maganda on December 23, 2022, which are described above and were committed within the course and scope of his agency or employment with Defendant SBS Expedited Services.

33. As a result of the foregoing breaches of duties, Michael was physically injured, suffered emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; lost time or wages and impairment of earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

34. Alone or in conjunction with the negligence of other Defendants, Defendants Maganda and SBS Expedited Services' negligence proximately caused the injuries to Michael.

35. Defendants Maganda and SBS Expedited Services are liable to Michael for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff as a result of the negligence of Defendant Maganda and/or their own independent negligence.

WHEREFORE, Plaintiff MICHAEL SMITH demands judgment against Defendant SBS EXPEDITED SERVICES LLC for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: Negligence
### Against Defendant SBS Expedited Services LLC

36. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

37. As an employer, Defendant SBS Expedited Services LLC is also independently negligent in the hiring, qualifying, training, entrusting, supervising, and retaining Defendant Zubairu Maganda in connection with his operation of a commercial motor vehicle and for otherwise failing to

act as a reasonable and prudent employer and motor carrier would under the same or similar circumstances.

38. Defendant SBS Expedited Services failed to ensure that its commercial motor vehicle and driver complied with federal and state laws and regulations.

39. As an employer and motor carrier, Defendant SBS Expedited Services had certain duties and responsibilities as defined by the applicable Federal Motor Carrier Safety Regulations, other federal law and regulations, Indiana law and industry standards including the duty to properly qualify Defendant Maganda, the duty to properly train Defendant Maganda, the duty to properly inspect and maintain its vehicles and trailers, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its motor vehicles.

40. Defendant SBS Expedited Services was independently negligent in failing to meet its duties and responsibilities under the Federal Motor Carrier Safety Regulations, other federal law and regulations, Indiana law and industry standards.

41. As a result of the foregoing breaches of duties, Michael was physically injured, suffered emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; lost time or wages and impairment of earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

42. Alone or in conjunction with the negligence of other Defendants, Defendant Maganda and SBS Expedited Services' negligence proximately caused the injuries to Michael.

43. Defendant SBS Expedited Services is liable to Michael Smith for all damages allowed by law for the injuries, harms and losses sustained by Plaintiff as a result of the negligence of Defendant Maganda and/or their own independent negligence.

WHEREFORE, Plaintiff MICHAEL SMITH demands judgment against Defendant SBS EXPEDITED SERVICES, LLC for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT IV: Punitive Damages
### Against SBS Expedited Services LLC and Zubairu Maganda

44. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

45. Defendants Maganda and SBS Expedited Services have been guilty of such willful misconduct, malice, fraud, wantonness, oppression and an entire want of care sufficient to raise the presumption of conscious indifference to consequences.

46. The aforementioned Defendants' misconduct is so aggravating it authorizes, warrants and demands the imposition of substantial punitive damages against Maganda and SBS Expedited Services.

WHEREFORE, Plaintiff MICHAEL SMITH demands judgment against the Defendants SBS EXPEDITED SERVICES LLC and ZUBAIRU MAGANDA, for punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

Respectfully submitted,

/s/ Brian Custy
Brian N. Custy (IN 26329-64)
Andrew G. Brown (IN 36244-64)
Megan A. Beardsley (IN 31244-64)
CUSTY LAW FIRM, LLC
4004 Campbell Street, Suite 4
Valparaiso, Indiana 46385
219-286-7361
bcusty@custylaw.com
abrown@custylaw.com
mbeardsley@custylaw.com

## JURY DEMAND

Comes now Plaintiff Michael Smith, by CUSTY LAW FIRM, LLC, who respectfully demands trial by jury on all claims and causes of action.

Respectfully submitted,

/s/ Brian Custy
Brian N. Custy (IN 26329-64)
Andrew G. Brown (IN 36244-64)
Megan A. Beardsley (IN 31244-64)
CUSTY LAW FIRM, LLC
4004 Campbell Street, Suite 4
Valparaiso, Indiana 46385
219-286-7361
bcusty@custylaw.com
abrown@custylaw.com
mbeardsley@custylaw.com